UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Crim. No.  22-CR-00083-6 (CKK) |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **AVERY BOST,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Memorandum in Aid of Sentencing. For the reasons herein, the United States requests that the Court sentence the Defendant to a period of **thirty-seven months**. The Government further requests that the Court impose a period of **three years** of supervised release.

In addition, the Government is requesting that the Defendant be ordered to pay $100 per a felony conviction to the Clerk of the United States District Court for the District of Columbia.

In support of this sentence, the Government states the following.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant Bost is before this Court after pleading guilty on October 27, 2023 to a lesser included offense of Count One (Conspiracy to Distribute, and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846) of the Superseding Indcitment.

The investigation into defendant Bost and his co-defendants began around June of 2021 when law enforcement discovered an active and armed crew calling themselves "LA Dank DMV" or "DC Dank," that was using Instagram and social media to promote selling large quantities of

high-grade marijuana in and around Washington D.C.  Throughout the course of the investigation, members of the Federal Bureau of Investigation ("FBI") recovered a total weight of over 122 pounds of marijuana and nineteen (19) firearms and seven (7) additional machinegun conversion devices that were used in furtherance of the conspiracy to distribute marijuana.  Electronic ledgers and receipts recovered during the execution of search warrants further revealed that defendant Bost and his co-defendants trafficked well over 220 pounds, or 100 kilograms, of marijuana.  FBI identified the following principal members of LA Dank during their investigation:

- Abubakr Banire (*aka* "Swave")
- Christopher Akinduro (*aka* "Oshay")
- Isaac Akinduro (*aka* "Black")
- Kavon Duncan (*aka* "Babyk")
- Joe Blyther (*aka* "Hawk")
- Avery Bost (*aka* "Avenue, Ave, Left")
- Jared Smith (*aka* "Twin, Jefe")
- Randall Lance (*aka* "Mike, Mike Lambo")
- Omar Butler (*aka* "O")

The evidence shows defendant Bost and his co-defendants used rental properties and other locations, referred to by crew members as "trap" or "trap houses," to store, transfer, and sell large quantities of marijuana to customers. Central to the crew's operation was the use of websites, Instagram, and other social media and communications platforms to advertise and sell large quantities of marijuana.  Through the government's investigation, FBI identified three websites associated with LA Dank: (1) www.ladankco.com; (2) www.ogladankco.com; and (3) www.ladankdmv.com.  While each website served a different function, i.e. www.ladankco.com

was primarily used to sell and promote LA Dank branded clothing, each of the websites was maintained and used to further the conspiracy to distribute marijuana in and around Washington D.C. And while the websites themselves appear professional, LA Dank is not a licensed company to operate in the District of Columbia.

Specifically, the www.ladankdmv.com website described LA Dank DMV as operating out of Washington D.C., with a cell phone number associated with Abubakr Banire, one of defendant Bost's co-conspirators.

### The Story of La Dank DMV

La Dank DMV is a well-renowned online store that has continually featured a variety of high-quality and affordable products since day one.

Our passion for excellence has driven us from the beginning, and continues to drive us into the future. The team at La Dank DMV knows that every product counts, and strives to make the entire shopping experience as rewarding and fun as possible. Check out our store and special offers, and get in touch with questions or requests.

### Contact Us

Washignton, D.C.

ladankdmv@gmail.com

424-356-4611

Through these websites and social media (as discussed further below), one method the defendant and his co-conspirators advertised the sale of marijuana were through menus that bore a standardized LA Dank logo containing different flavors and brands of marijuana and prices for different amounts of marijuana.



The crew's www.ladankdmv.com website specifically advertised for the sale of marijuana and provided a means for customers to purchase marijuana from members of LA Dank. For example, screenshots from the www.ladankdmv.com website show advertisements stating "Pinky Oreoz Now Available In The D.M.V." Pinky Oreoz is one of LA Dank's more expensive, highly sought after marijuana strains that was advertised heavily by the crew during their operation. Customers could then directly order from the website by clicking on strains.





Defendant Bost's Involvement in the Conspiracy

The investigation revealed that defendant Bost was an active member of the crew and, at times, operated as a point of contact for customers to make purchases. Like his co-conspirators, defendant Bost utilized his Instagram page with the handle "avenueethebarber" to advertise marijuana in furtherance of the conspiracy. These posts were made frequently throughout the conspiracy, as seen in the timeline below:

  

*Dated June 23, 2021*　　　*Dated October 13, 2021*　　　*Dated December 14, 2021*

While not rising to the level of exercising a managerial role, defendant Bost often acted as a point of contact appointed by defendant Banire (the leader of the conspiracy) for customers to contact LA Dank. An example below is a June 5, 2021 text message from defendant Banire and a July 23, 2021 screenshot from defendant Banire's Instagram, "ladankswave," directing customers to defendants Bost (using the nickname "Ave" and Instagram handle "avenueethebarber"), Blyther (using the nickname "Hawky" and Instagram handle "bighawkthamoney"), and Christopher Akinduro (using the Instagram handle "oshaythamoney"):

 

Defendant Bost's digital footprint corroborates that he was an active member of the conspiracy. From defendant Blyther and defendant Banire's phone, law enforcement recovered communications with crew members in a group chat entitled "Dc Dank Full Members", which included co-defendants Banire, Bost, Lance, Isaac Akinduro, Christopher Akinduro, Duncan, and Butler. Defendant Bost, using the alias "Left," is seen directing customers to the group chat, coordinating Instagram posts to promote the conspiracy, and coordinating the purchase of residences through AirBnb, which the co-conspirators would then convert to trap houses. For

example, around June of 2021, the LA Dank members operated out of a trap house located at Whistling Duck Drive in Upper Marlboro, Maryland. Beginning on June 8, 2021 (days before the Whistling Duck search warrant), defendant Bost began coordinating the rental of a new AirBnb by asking the group "Who gots a air b n b account?" On June 13, 2021, defendant Bost again encouraged the group by stating "yeah let's get on top of next b n b today," to which defendant Banire replied that the price would be $9,200.00 to rent a specific unit for the entire month. After various members agreed to chip in different amounts, defendant Bost stated on June 15, 2021 (hours before execution of the Whistling Duck search warrant):

> Everyone bring your money out for air b n b early if u not coming to the shop early let the men know so they can cap it we needa pay rent on next spot by no later than 3pm

The day prior, defendant Bost sent a template to the group chat for members of LA Dank to post on their respective Instagram stories, which was designed to gain additional followers for the LA Dank Instagram account by giving away marijuana:



June 15, 2021 – Whistling Duck Search Warrant

7

Law enforcement executed its first residential search warrant in connection with this investigation on June 15, 2021, at 1928 Whistling Duck Drive, Upper Marlboro, Maryland. The warrant was issued by the Circuit Court for Prince George's County, Maryland after law enforcement had conducted surveillance and observed multiple LA Dank crew members and purchasers traveling to and from the premises. While defendant Bost was not located in the residence at the time of the search warrant, he had been observed by law enforcement entering and exiting the residence the day before. Furthermore, text messages around June 15, 2021 indicate that defendant Bost was frequently visiting the Whistling Duck trap house.

The residence was an Airbnb rental unit which the crew utilized as a stash house to store, package, and sell large quantities of marijuana. Law enforcement found six persons inside the residence at the time of the search. Law enforcement also located four firearms inside, including: (1) an AR pistol-style privately made firearm ("PMF"); (2) a Century Arms Ras 47; (3) a Zastava Arms firearm; and (4) a Glock-style 9mm PMF. The LA Dank crew had set up a sophisticated video surveillance system to monitor the exterior of the residence. In addition to the firearms, law also recovered approximately 51 pounds of marijuana, marijuana packaging, ammunition, firearm magazines, a money counting machine, and approximately $13,359 in United States currency from inside the residence.

## DISCUSSION AND RECOMMENDATION

### I. Generally Applicable Legal Principles

Though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005); *United States v. Brown*, 892 F.3d 385, 399 (D.C. Cir. 2018). The Supreme Court has noted that the Guidelines provide "the starting point and the initial benchmark"

for sentencing. *Gall v. United States*, 590 U.S. 38, 49 (2007); *see also United States v. Dorcely*, 454 F.3d 366, 375 (D.C. Cir. 2006) ("*Booker* has not changed how the Guidelines range is to be calculated."). Moreover, the Guidelines' recommended sentencing range will ordinarily "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007); *Dorcely*, 454 F.3d at 376 (noting that "a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness").

II.     **Defendant's Sentencing Guidelines Calculation**

   A.  **Defendant's Criminal History Category**

The Government concurs with the United States Probation's assessment of the Defendant's criminal history scores, as set forth in the Presentence Investigation Report ("PSR"). ECF No. 258 ¶ 76. The total criminal history score is 9, establishing a criminal history category of IV.

   B.  **Total Offense Level**

The Government also concurs with the United States Probation's assessment of the Offense Level Computation set forth in the PSR, resulting in a sentencing guidelines range of 37 to 46 months. ECF No. 258 ¶ 121. The government also notes that the PSR is correct in stating that the government agreed to cap its allocution at the low end of the guidelines range. *Id.* at ¶ 124.

III.    <u>Sentencing Recommendation</u>

When determining the appropriate sentence, the district court should consider all the applicable factors set forth in 18 U.S.C. § 3553(a). *See United States v. Gall*, 552 U.S. 38, 49-50 (2007). The listed factors in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense; (2) The history and characteristics of the defendant; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need for the sentence imposed.

### A. Nature and Circumstances of the Offense

The nature of this offense is serious and warrants the Government's requested sentence. Defendant Bost and his co-conspirators operated a sophisticated and broad conspiracy to distribute marijuana. Defendant Bost's own participation in the conspiracy is shown by the electronic communications discussed above, where he operated as a point of contact for customers and coordinated the rentals for AirBnb properties, which were a central component to the crew's operation. These AirBnb properties, as seen in the Whistling Duck property, would function as a mobile "store" and stash house for the crew, which included the stashing of firearms (including machineguns). While no firearms recovered were tied to defendant Bost himself, the crew which he knowingly joined and participated in routinely possessed numerous guns in connection to their large-scale distribution of marijuana.

### B. The History and Characteristics of the Defendant and the Need for the Sentence Imposed

Defendant Bost's criminal history shows an escalating series of convictions beginning in 2013, when he was convicted on September 3, 2013 of Attempt to Elude Police by Failing to Stop before a federal magistrate judge in the District of Maryland. *See* 13-PO-3225 (CBD) at ECF No. 22. Defendant Bost was then convicted of two petty offenses in Virginia Beach, VA in the next several months. *See* PSR ¶¶ 69-70.

Defendant Bost's criminality escalated in 2017 when he defendant Bost was spotted by law enforcement concealing a firearm in his vehicle. A search warrant of that vehicle revealed distribution quantities of marijuana and a loaded Glock 43 that was previously stolen in Virginia. Defendant Bost was convicted in D.C. Superior Court case number 2017 CF2 2782 on October 31, 2017 of Possession with Intent to Distribute a Controlled Substance (Marijuana), Possession of an Unregistered Firearm, and Unlawful Possession of Ammunition. Notably, the conduct from

this offense occurred on February 8, 2017, and court records show that defendant Bost remained on pretrial release at the time this case was charged. While he was out on release, he was arrested again after law enforcement observed him discarding a bottle of liquid on the ground. Law enforcement were able to determine that the liquid was PCP, and during a search incident to arrest, 41 pills of Oxycodone were recovered from his pockets. Defendant Bost was convicted of Attempted Unlawful Possession of PCP on October 31, 2017, the same day he was convicted in 2017 CF2 2782.

Finally, at the time of the conduct before this Court, defendant Bost was facing yet another firearms charge in D.C. Superior Court case 2019 CF2 15909. He has since been convicted of Unlawful Possession of a Firearm on August 3, 2022. As part of his plea hearing, defendant Bost admitted that on December 16, 2019, he was stopped pursuant to a United States Secret Service traffic stop where it was discovered that he was driving with a suspended license. As he was being placed under arrest, officers recovered a loaded black .40 caliber pistol. While not discussed by defendant Bost during the plea hearing, inventory records show that law enforcement also recovered a large black duffel bag containing marijuana from the trunk of the car defendant Bost was driving, and smaller amounts of marijuana in the body of the vehicle.

Defendant Bost therefore has a demonstrated escalating conduct that involves repeated firearm and drug possession. The history and characteristics of the defendant suggests that a serious period of incarceration is warranted as defendant Bost specifically needs to be deterred from future criminal conduct.

## CONCLUSION

For all these reasons, the government recommends that the Court sentence the defendant to thirty-seven months followed by three years of supervised release.

                              Respectfully submitted,

                              MATTHEW M. GRAVES
                              United States Attorney
                              D.C. No. 481052

By:               */s/ Justin F. Song*
                              JUSTIN F. SONG
                              Assistant United States Attorney
                              N.Y. Attorney No. 5626379
                              Federal Major Crimes Section
                              601 D Street NW
                              Washington, D.C. 20530
                              (202) 227-9019
                              Justin.Song@usdoj.gov

                              */s/ Meredith E. Mayer-Dempsey*
                              MEREDITH E. MAYER-DEMPSEY
                              N.Y. Attorney No. 5213202
                              Assistant United States Attorney
                              Federal Major Crimes Section
                              601 D Street N.W.
                              Washington, D.C. 20530
                              (202) 815-4063
                              Meredith.Mayer-Dempsey@usdoj.gov