# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Crim. No.  22-CR-00083-6 (CKK)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **AVERY BOST,** | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINON AND ORDER
**(May 6, 2024)**

On March 22, 2024, the parties appeared before the Court for sentencing in this matter.  Prior to sentencing, the Probation Office calculated the Defendant Avery Bost's ("Defendant" or "Mr. Bost") criminal history score as nine, which established a criminal history category of IV.  At the sentencing hearing, the parties addressed the Defendant's dispute as to three criminal history points calculated in the Presentence Investigation Report ("PSR"), attributable to three prior criminal misdemeanor offenses. *See* PSR, ECF No. 258 at ¶¶ 68 (Attempt to Elude Police by Failing to Stop), 70 (Failure to Appear), 71(Possession of Marijuana).  The Court continued the sentencing to March 29, 2024, and invited the parties to supplement the record with any additional information.

On March 27, 2024, and March 28, 2024, respectively, the Government and Defendant supplemented the record, and the Government indicated that "the Probation Office informed the United States that their position remains unchanged from the PSR."  Govt. Supp., ECF No. 272, at 1.[1]  Upon review of that supplementation, the Court issued a March 28, 2024 Minute Order vacating the March 29, 2024 sentencing date because Defendant's supplementation raised some new arguments.  Accordingly, the Court ordered that, by April 12, 2024, Defendant was to provide

---

[1] Defendant's supplementation was filed one day late.

"additional legal analysis of the factors this Court must consider 'pursuant to U.S.S.G. Section 4A1.2 cmt. n. 12(A)' regarding the offense alleged in paragraph 68." March 28, 2024 Minute Order. The Government was ordered to respond to the supplemental objections, by providing an analysis of factors to be considered and any authority for aggregating probationary sentences. *See id.*[2] This Memorandum Opinion and Order analyzes Defendant's most recently asserted objections, *i.e.*, the version he is relying upon, which has been explained through his latest briefing.

 Section 4A1.2 of the Sentencing Guidelines states, in relevant part, that sentences for misdemeanor offenses are counted, except as follows:

> (1) Sentences for the following prior offenses and offenses similar to them [where the list includes "Contempt of court" and "Hindering or failure to obey a police officer"], by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (b) the prior offense was similar to an instant offense[.]
> (2) Sentences for the following prior offense and offenses similar to them, by whatever name they are known, are never counted: [including] . . . Local ordinance violations (except those that are also violations under state criminal law). . .

Sentencing Guideline §4A1.2(c); *see United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991) (explaining that a common sense approach is "consistent with the purpose of [section 4A1.2(c)(1)] of the Guidelines: to screen out past conduct which is of such minor significance that it is not relevant to the goals of sentencing . . . as the criminal history score is designed to take into account the seriousness of the past offense and the degree to which it suggests the possibility of future criminality.") (internal citations omitted).

Defendant's general objection may be summarized as follows: "Mr. Bost submits that ¶68,

---

[2] In connection with this Memorandum Opinion and Order, the Court considered: (1) Defendant's [250] Objections to the Presentence Report ("Def.'s Obj."); (2) the Probation Office's [258] Final Presentence Report ("PSR"); (3) the Government's [272] Supplemental Memorandum in Aid of Sentencing ("Govt. Supp."); (4) the Defendant's [273] Supplemental Objections to Pre-Sentence Report ("Def.'s Supp. Obj."); (5) Defendant's [276] Response to the Court's Minute Order ("Def.'s Resp."); (6) the Government's [277] Second Supplemental Memorandum in Aid of Sentencing ("Govt. 2d Supp."); and (7) the entire record in this case.

and ¶¶ 70-71 are misdemeanor offenses that should be scored [with zero criminal history points] pursuant to §4A1.2(c)(1) and §4A1.2(c)(2) because the offenses "by whatever name they are known" are not scored and the "prior offenses are similar" to the listed offenses."  Def.'s Obj., ECF No. 250, at 2.

Pursuant to U.S.S.G. §4A1.2 cmt. n. 12(a), to determine whether an unlisted offense is similar to an offense listed in subsection (c)(1) or (c)(2):

> [T]he court should use a common sense approach that includes consideration of relevant factors such as (1) a comparison of punishments imposed for the listed and unlisted offense; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.  The Court may also consider any other relevant factor.

U.S.S.G. §4A1.2 cmt. n.12(A).  Each of Defendant's three prior offenses will be addressed in turn.

1. <u>Attempt to Elude Police by Failing to Stop (PSR ¶68)</u>

Defendant contends that because Defendant's conviction noted in ¶68 – for an Attempt to Elude Police by Failing to Stop – resulted in a sentence of 12 months of probation, and it is allegedly similar to "failure to obey a police officer," [contained in the list of offenses found in Section 4A1.2(c)(1)]; accordingly, it should be scored with zero criminal history points.  Def.'s Supp. Obj., ECF No. 273, at 2; Def.'s Resp., ECF No. 276, at 3 (noting that the "Court must engage in an analysis pursuant to U.S.S.C. §4A1.2 cmt. n.12(A)" to determine whether the unlisted offense is similar to a listed offense).  If the Court concludes that the unlisted offense is not similar to an offense listed in (c)(1) or (c) (2), criminal history points are counted for such unlisted offense.  If the Court concludes that the offenses are similar, criminal history points are not counted, unless the sentence for the unlisted offense was probation for more than one year or incarceration for at least thirty days, in which case criminal history points are counted.

a. <u>Analysis of Relevant Factors</u>

Comparing the punishments for the offenses (factor (i) above), Defendant explains that fleeing or eluding police is governed by Md. Code Ann. (Transp.) §21-904(b)(1) (2013), with a penalty of 1 year imprisonment or a $1,000.00 fine, or both, while failure to obey a police officer is governed by Md. Crim. Code §10-201 (2013), with a penalty of 60 days imprisonment and a $500.00 fine.  *See* Def.'s Resp., ECF No. 276, at 3 (noting that both are misdemeanors with imprisonment and a fine, as punishment).   In contrast, this Court notes the rather wide discrepancy between a penalty of one year imprisonment versus a penalty of 60 days imprisonment. Furthermore, the Government points out that a violation under subsection (b)(1) "provides for escalating punishments under subsection (f)(1)," insofar as a second or subsequent conviction results in "imprisonment not exceeding 2 years or a fine not exceeding $1,000 or both."  Govt. 2d Supp., ECF No. 277, at 6; *see* Md. Code Ann. (Transp.) §21-904(f)(1).  Accordingly, the Court finds that this factor of punishment for offenses weighs in favor of awarding a criminal history point for the Flee to Elude Conviction, as the punishments are sufficiently different.

Regarding the "perceived seriousness of the offense as indicated by level of punishment" (factor (ii) above), Defendant notes that he received 12 months of probation for the offense, alcohol/drug treatment, and 80 hours of community service, which indicates that "the Court determined the severity of Mr. Bost's offense to be low."  Def.'s Resp., ECF No. 276, at 4.  The Government does not interpret this factor [(ii)] in the same way as Defendant, instead arguing that the commentary "makes no mention [of] looking to what the defendant *actually* served in determining whether an offense is 'similar.'"  Govt. 2d Supp., ECF No. 277, at 7.  Assuming *arguendo* that the Court interprets this subsection in the same manner as Defendant, this factor weighs in favor of not assigning a criminal history point.

Regarding factor (iii) above, the elements of the offense of fleeing and eluding require that:

4

"if a police officer "gives a visual or audible signal to stop and the police officer, whether or not in uniform, is in a vehicle appropriately marked as an official police vehicle, a driver of vehicle may not attempt to elude the police officer by willfully failing to stop the driver's vehicle . . ." Md. Code Ann. (Transp.) §21-904 (b)(1).  The elements of the offense of failure to obey a police officer are that a person: may not willfully fail to obey a reasonable and lawful order that a law enforcement office makes to prevent a disturbance to the public peace.  Md. Crim. Code §10-201(c)(3).  The Court agrees with the Government's observation that "the elements of each offense are different as they are meant to criminalize different [conduct]."  Govt. 2d Supp., ECF No. 277, at 7.  The flee to elude statute is designed to criminalize fleeing from law enforcement while in a vehicle, while the failure to obey a police officer requires a connection between the command by police and probable disorderly conduct.  Accordingly, the Court finds that this "elements of the offense" factor weighs in favor of awarding a criminal history point.

The Government notes that the conduct prohibited under the flee to elude statute is more culpable (factor (iv)) than under the failure to obey a police officer statute. With regard to the level of culpability and the likelihood of recurring criminal conduct (factor (v)), Defendant notes that the offense occurred over 10 years ago when he was 18 years old and riding a 2013 Yamaha dirt bike, and it has "no more bearing on an individual's likelihood of becoming involved in other criminal activity than any of the other offenses listed under subsection (c)(1) including failure to obey a police officer."  Def.'s Resp., ECF No. 276, at 4-5 (stating that when the "dirt bike stopped[,] Mr. Boist complied with the officers' commands").[3]   The Court finds that the level of culpability factor for a Flee to Elude conviction weighs in favor of imposing a criminal history point, as a Flee to Elude charge requires not only disobeying a police order, but the affirmative act

---

[3] What Defendant fails to note is that prior to the bike stopping, the police engaged in an approximately two-mile long high-speed pursuit of Defendant, before his motorcycle sputtered to a stop, and only then did Defendant comply with the officers' commands.  PSR, ECF No. 259, at 12.

of fleeing, while in a vehicle.   As to the final factor – the likelihood of becoming involved in other

criminal activity – the Court finds this factor in equipoise.   Accordingly, the Court concludes the

offense of Flee to Elude is fundamentally dissimilar from the offense of Failure to Obey a Police

Officer, and the balance of the factors weighs in favor of imposing a criminal history point for

Defendant's offense of Attempt to Elude Police by Failing to Stop.[4]

2. Failure to Appear (PSR ¶70)

Defendant asserts that because Defendant's conviction noted in ¶70 – for Failure to Appear

in Virginia General District Court, VA – resulted in a sentence of 12 months of unsupervised

probation (and 30 days jail, suspended), and it was an offense similar to contempt of court,

therefore, it should be scored with zero criminal history points.   Def.'s Supp. Obj., ECF No. 273,

at 2; Def.'s Resp., ECF No. 276, at 5-7; *see United States v. Smith*, 497 Fed. App'x. 269, 273

---

[4] The Government asserts that a criminal history point "is still properly assigned due to the aggregate term of probation the defendant served" – one year probation on the initial sentence and an additional term of probation upon resentencing for a violation of probation, resulting in a term of one year, two months, and twenty-seven days.   Govt. 2d Supp., ECF No. 277, at 8, 9; *see* Judgment, ECF No. 272-1, at 2; Judgment on Violation of Probation, May 14, 2014, 13-PO-3225 (CBD) (D. Md.), ECF No. 272-2.  Defendant argues however that because Mr. Bost was "sentenced anew" to an extended probationary period (due to a probation violation), the court "cannot aggregate the probationary periods."  Def.'s Resp., ECF No. 276, at 5 (proffering no authority for this statement).   The Government indicates that Section 4A1.2(k)(1) of the Guidelines "clearly explains that aggregating sentences of imprisonment in the context of a probation revocation is allowed," and after such aggregation, the "resulting total is used to compute the criminal history points for §4A1.1(a), (b), or (c), as applicable."  Govt. 2d Supp., ECF No. 277, at 8.  Furthermore, the commentary to Section 4A1.2, note 11, states that Section 4A1.2(k) "covers revocations of probation and other conditional sentences where the original term of imprisonment imposed, if any, did not exceed one year and one month," and that "[r]ather than count the original sentence and the resentence after revocation as separate sentences, the sentence given upon revocation should be added to the original sentence of imprisonment, if any, and the total should be counted as if it were one sentence."  U.S.S.G. §4A1.2 cmt. n. 11.  While the Government admittedly "has not found any authority regarding the applicability of section 4A1.2 in [the] context [in this case]," it asserts that it would be a "non-sensical result where section 4A1.2(k)(1) is applicable *unless* it is applied to crimes, and those similar to them, as listed in section 4A1.2(c)(1)."  Govt. 2d Supp., ECF No. 277, at 9.  Because the Court has concluded that the balance of factors weigh in favor of awarding a criminal history point, the Court need not decide this aggregation issue at this time.

(2012) (finding that the "Virginia offense [of failure to appear] is substantially similar to contempt of court" and holding that "the sentencing guidelines' application notes also counsel against counting [defendant's] failure to appear conviction in his criminal history).

The Government acknowledges the "persuasive authority identified in the Defendant's Second Supplement[ ]," and as such, it "respectfully concedes that a conviction under Virginia's Failure to Appear statute, VA Crim. Code §19.2.128(C), is "similar to" the crime of "contempt of court" as listed in U.S.S.G. §4A1.2(c)(1)." Govt. 2d Supp., ECF No. 277, at 3.  Accordingly, the Defendant's Failure to Appear offense may be scored as zero criminal history points.

3. <u>Possession of Marijuana (¶71)</u>

Defendant has a prior conviction for Possession of Marijuana for which he received credit for time served: 1 day incarceration, and probation before judgment- unsupervised.  Def.'s Resp., ECF No. 273, at 4.  Defendant has acknowledged that the weight of the marijuana possessed was 1.52 oz.  *Id.*  Defendant asserts that because this conviction "involves a decriminalized possession of marijuana with a sentence of less than 30 days and 12 months," it should be scored with zero criminal history points.  The Government responds to this statement by noting that at the time Defendant was convicted, possessing 1.52 ounces of marijuana was still a criminal conviction, and "it appears that subsequent modifications to Maryland's section 5-601 are nonretroactive."  Govt. 2d Supp., ECF No. 277, at 10.  Furthermore, "the Guidelines commentary to section 4A1.2 note 10 [notes that] even in situations where a conviction has been set aside or a defendant has been pardoned, these convictions continue to count towards the overall criminal history score (unless expunged)."  *Id.; see* U.S.S.G. § 4A1.2 cmt. n. 10.

The Government acknowledges however that the Court is "free to consider the change in law in determining the defendant's sentence[.]" Govt. 2d Supp., ECF No. 277, at 10.  Pursuant to U.S.S.G. §4A1.3 Commentary Application Note 3, "a downward departure may be appropriate

where (ii) The defendant received criminal history points from a sentence for possession of marijuana for personal use, without an intent to sell or distribute it to another person." Def.'s Resp., ECF No. 276, at 2-3; Def.'s Supp. Obj., ECF No. 273 at 3; U.S.S.G. §4A1.3(A)(ii) cmt. n.3.

Defendant argues additionally that sentences for some prior offenses are never counted, and this includes "Local ordinance violations (except those violations that are also violation under state criminal law)." U.S.S.G. §4A1.2(c)(2). Defendant relies on Md. Code Ann., Crim. Law, §5-601.1, which he alleges is "a local ordinance," which states that possession of 1.5-2.5 oz. of marijuana is "civil possession," with a penalty of a fine up to $250.00. Def.'s Resp., ECF No. 276, at 2. Defendant concludes, without further explanation, that "[b]ecause possession of marijuana is a local ordinance violation with a civil penalty in Maryland, [his] conviction should be scored pursuant to §4A1.2(c)(2) with zero criminal history points." *Id.*

The Government disputes that Maryland Criminal Code §5-601 is a "'local ordinance' as contemplated under section 4A1.2(c)(2)" nor does Defendant proffer any further explanation why it would be. Govt. 2d Supp., ECF No. 277, at 9. The Government contends that the "plain text of section 5-601 of the criminal code demonstrates that it is not a local ordinance," as a violation of that section is a "civil offense punishable by citations" if the individual possesses "personal use" or "civil use" amounts of marijuana. Govt. 2d Supp., ECF No. 277, at 9; *see* Md. Code Ann., Crim. Law §§5-601(a)-(c). The Government notes that subsections (d)-(f) describe that such citations "are explicitly with[in] the jurisdiction of the Maryland District Court." Govt. 2d Supp., ECF No. 277, at 9. The Government asserts, and this Court agrees, that "it is clear from the text that a violation under this statue is not a local ordinance, as there is no jurisdiction given to a local court over such offenses." *Id.* at 10. Accordingly, the Court concludes that Defendant shall receive a criminal history point for his Possession of Marijuana conviction, although this Court may certainly consider whether the amount of marijuana involved may be the basis for a downward

departure.

For the reasons explained in detail herein, it is hereby this 6th day of May 2024,

ORDERED that one criminal history point each shall be assigned for Defendant's convictions for Attempt to Elude Police by Failing to Stop and for Possession of Marijuana, while Defendant shall receive zero criminal history points for his conviction for Failure to Appear.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE